UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:14-cr-28-T-36TGW

ALEXANDER VUGLER
_____/

**ORDER**

This matter comes before the Court upon Defendant's Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. [§] 3582(c)(1)(A) (Doc. 108), filed on June 24, 2020. In the motion, Defendant requests compassionate release pursuant to the First Step Act due to COVID-19 concerns.[1] The Government filed a response in opposition. Doc. 109. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. [§] 3582(c)(1)(A).

**I.  BACKGROUND**

On September 18, 2014, Defendant, Alexander Vugler pleaded guilty to Count One of the Indictment charging him with transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1) and (b)(1). Doc. 42. Defendant was sentenced on March 1, 2017, to be imprisoned for a term of one hundred sixty-eight months with a life term of supervised release. Doc. 75. Defendant is currently incarcerated at Coleman Low FCI in Sumterville, Florida. He is 51 years of age and is scheduled to be released from prison on January 8, 2026. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/.

---

[1] Coronavirus disease 2019, known as COVID-19, is the illness caused by the SARS-CoV-2 virus. On March 11, 2020, the World Health Organization declared COVID-19 a pandemic.

On June 24, 2020, Defendant filed the instant Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. [§] 3582(c)(1)(A), requesting modification of his sentence to time served due to the COVID-19 pandemic coupled with his medical condition. Doc. 108. Defendant alleges he suffers from "HIV and constantly suffers from other health issues that prove detrimental to his health [due] to his HIV conditions." *Id.* at 2. He has not filed any medical records in support of his motion. Rather, he attaches a declaration to his motion in which he states that he suffers from HIV and is currently on medication for it. *Id.* at 7.

Defendant contends that the facility where he is located, Coleman Low, has been associated with the highest transmission probabilities of the infectious disease. He claims that the COVID-19 infection rate at Coleman is in excess of 30%. He argues that the prevalence of COVID-19 at his facility along with his HIV establishes an extraordinary and compelling reason supporting his compassionate release. Defendant further contends that he has community connections and a release plan in which he will go live with his mother who will provide him with shelter and support for as long as he needs. In support of his motion, his mother filed a letter representing that her address has been pre-approved by the probation office for Defendant's release. Doc. 110.

The Government responds in opposition arguing that Defendant has failed to exhaust administrative remedies, his medical condition does not satisfy the requirements for compassionate release, and the Bureau of Prisons (BOP) continues to take significant measures to protect the health of the inmates in its charge. Doc. 109. Specifically, the Government states that the BOP has had a Pandemic Influenza Plan in place since October 2012 which required the BOP to prepare for a pandemic, and in the instance of such, to implement a framework addressing issues of cleaning, hygiene, quarantining of sick individuals, and treatment of inmates. *Id.* at 3. The Government contends that since the COVID-19 outbreak began in the United States in March

2

2020, the BOP has tailored this protocol to prevent inmate exposure and the spread of the virus through additional actions including visitor bans, quarantining of asymptomatic individuals, social distancing measures, and the issuance of face masks to staff and prisoners. *Id.* While the Court is aware that Coleman Low FCI has experienced a COVID-19 outbreak at the facility in the past,[2] review of the BOP website reveals that there are currently four inmates and twenty-one staff members who are COVID-19 positive. *See* https://www.bop.gov/coronavirus/ (last accessed Nov. 3, 2020).

In response to Defendant's motion, the Government argues the motion should be denied because Defendant fails to exhaust his administrative remedies and fails to provide an extraordinary and compelling reason to permit his early release from prison. Of note, the Government attaches to its response a denial letter from the warden dated June 25, 2020. Doc. 109-1.

## II.  LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

---

[2] BOP records reveal Coleman Low has 198 inmates recovered, 11 staff recovered, 1 inmate death, and 1 staff member death due to COVID-19. *See* https://www.bop.gov/coronavirus/ (last accessed Nov. 3, 2020).

3

>    (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>
>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy

4

statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[3] *See* § 3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III. DISCUSSION

### A. Administrative Exhaustion

The Government claims Defendant failed to exhaust his administrative remedies or even attempt to exhaust. Doc. 109 at 1. Defendant requests the Court waive the exhaustion requirement. Doc. 108 at 1. District courts can reduce the term of imprisonment "upon motion of the defendant" only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*. 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Supreme Court precedent dictates that it is not within a court's discretion to waive or excuse the failure to satisfy a statute's exhaustion requirement. *See Ross v.*

---

[3] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

*Blake*, 136 S. Ct. 1850, 1857 (2016). But while the Court cannot waive the exhaustion requirement, the statute explicitly provides for one exception to exhaustion, *i.e.*, the lapse of 30 days, which the Court finds occurred here. As more than thirty days have passed since Defendant's request was received by the warden,[4] *see* Doc. 109-1, the Court finds exhaustion has been satisfied and will address the merits of Defendant's claim.

### B.     Extraordinary and Compelling Reason

A defendant seeking compassionate release bears the burden of establishing that release is warranted and that he no longer represents a danger to any other person or the community. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (holding that a movant for a reduction under § 3582(c)(2) bears the burden to establish a reduction is warranted); *see also*

---

[4] The Court is aware of inconsistencies in the rulings from the district courts in this Circuit and others regarding the exhaustion requirement in COVID-19 matters with some courts finding exhaustion is satisfied with the passage of thirty days from submission of the request to the warden, and others finding no exhaustion where defendant fails to appeal a warden's timely denial of the defendant's request. *Compare United States v. Smith*, No. 3:97-cr-120-J-34PDB, 2020 WL 5106694 (M.D. Fla. Aug. 31, 2020) (finding exhaustion satisfied and noting "statute says nothing about the 30-day exhaustion alternative being contingent on the warden failing to issue a ruling within 30 days. This argument simply reads additional terms into the statute that are absent."), *with United States v. Wojt,* No. 8:18-cr-00417-T-02AEP, 2020 WL 3128867, at *1 (M.D. Fla. June 12, 2020) ("A warden's denial does not constitute a final administrative decision and as Defendant provides no evidence of an appeal, Defendant has not exhausted his administrative remedies."). The Eleventh Circuit has not ruled on the issue. Given the exigent circumstances of COVID-19 motions and in the absence of authority from the Eleventh Circuit to the contrary, this Court finds persuasive those opinions finding a plain reading of the statute supports that exhaustion is satisfied if more than thirty days pass from the time a defendant submits his or her request to the warden of the facility even if the warden responds with a timely denial. *See Smith, supra*; *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them."); *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) ("But before they [file a compassionate-release motion], defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond.").

*Cannon v. United States*, 2019 WL 5580233, at *2 (S.D. Ala. Oct. 29, 2019); *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

After careful consideration of the parties' submissions, the § 3553(a) factors, and other applicable law, the Court finds that Defendant's motion is due to be denied. Defendant fails to demonstrate an extraordinary and compelling reason warranting a reduction in his sentence under § 3582(c)(1)(A)(i). In its existing policy statement on compassionate release, the Sentencing Commission identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). Only the first and fourth factor are potentially relevant here.

Under the first factor, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, *i.e.*, a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A). Defendant alleges he suffers from HIV for which he takes medication. He has not submitted any medical documentation to support his motion. Nor does he claim his condition is terminal or that he is unable to care for himself in prison. In fact, he indicates he is receiving and taking medication for his condition.

The fourth factor, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). The Court finds that Defendant similarly fails to

demonstrate an extraordinary and compelling reason under this provision.  He merely alleges his increased risk of severe illness from COVID-19 due to his HIV constitutes an extraordinary and compelling reason warranting compassionate release.  The Court disagrees.

General concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13.  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"); *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence.").  While Defendant alleges that the BOP's procedures have been inadequate, the Government's response has outlined the detailed plans the BOP has undertaken and implemented to help sharply mitigate the risks of COVID-19 transmissions in BOP institutions, including Coleman Low. Coleman Low currently has four inmates and twenty-one staff members that are positive for the virus. *See* Federal Bureau of Prisons, COVID-19 Update, https://www.bop.gov/coronavirus/ (last accessed Nov. 3, 2020). The Court is sensitive to the legitimate public safety concerns created by the COVID-19 pandemic, but the possibility of exposure to COVID-19 alone is not enough to constitute extraordinary and compelling reasons for compassionate release. And Defendant does not proffer record support to demonstrate that his medical condition places him at any greater risk. On this record, Defendant fails to demonstrate that his alleged medical condition, coupled with the potential for exposure to COVID-19, constitute an extraordinary and compelling reason under 18 U.S.C. § 2385(c)(1)(A) and U.S.S.G. § 1B1.13.  It appears that Defendant's HIV is controlled with the medication he takes.

### C. Section 3553 Factors

Even if Defendant was able to establish an extraordinary and compelling reason, the Court must make a finding that Defendant would not be a danger to the safety of any person or the community. *See* USSG § 1B1.13(2). Given the totality of the circumstances, the Court is unable to make such a finding here. Defendant was indicted and pleaded guilty to transporting child pornography. Doc. 42. While still on probation for another offense, Defendant possessed over 1,000 images of child pornography, including images of prepubescent boys engaged in sex acts with adult men and other boys. *Id.* at 15. Consideration of the § 3553(a) factors weighs against a reduction in sentence. Defendant committed a serious crime, and he fails to proffer any evidence to demonstrate he is not likely to recidivate. The Court finds that a reduction in Defendant's sentence would be contrary to the 3553(a) factors.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. [§] 3582(c)(1)(A) (Doc. 108) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 3, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Alexander Vugler, *pro se*