UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO: 8:14-cr-28-CEH-TGW

ALEXANDER VUGLER
_____/

**ORDER**

This matter comes before the Court on Defendant Alexander Vugler's Motion for Reconsideration (Doc. 117). In his motion, Defendant argues this Court should reconsider the denial of his motion for compassionate release because there are extraordinary and compelling reasons to support a reduction in his sentence. Vugler filed medical records in support of his request. Doc. 122. The Government responded in opposition (Doc. 125) and Vugler replied (Doc. 126). The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Reconsideration.

**I.      DISCUSSION**

Vugler is a 54-year-old male who is serving a 168-month prison sentence after pleading guilty to one count of transportation of child pornography. Doc. 75. He is currently incarcerated at Coleman Low FCI with a scheduled release date of January 8, 2026. See https://www.bop.gov/inmateloc/ (last accessed October 11, 2023). In June 2020, proceeding *pro se*, Vugler filed a motion for compassionate release, seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), due to the COVID-

19 pandemic, coupled with his medical conditions.  Doc. 108.  On November 3, 2020, the Court denied Vugler's motion for compassionate release because he had not demonstrated an extraordinary and compelling reason for his release, and even if he were able to, the Court concluded the § 3553(a) factors weighed heavily against a reduction in his sentence.  Doc. 115.  Defendant files the instant motion requesting the Court reconsider its ruling denying him an early release.  Doc 117.

The Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration.  Notwithstanding, both the Supreme Court and the Eleventh Circuit Court of Appeals have permitted parties to file motions for reconsideration in criminal cases.  *See United States v. Phillips*, 597 F.3d 1190, 1199–1200 (11th Cir. 2010) (citing *United States v. Ibarra*, 502 U.S. 1, 6–8 (1991)). In deciding motions for reconsideration in criminal cases, courts have used the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59.  *See United States v. Hammoud*, Case No. 8:04-cr-2-JDW-TGW, 2012 WL 13176320, at *1 (M.D. Fla. Sept. 13, 2012). Construing Defendant's motion as one filed under Rule 59(e), the Court finds the motion fails. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

As grounds for his motion, Vugler argues that the Court overlooked controlling law and facts that prove he is not a possible danger to the public. Doc. 117 at 1. Specifically, Vugler contends that (1) the Court failed to consider the severity of his health condition and the risk caused by the COVID-19 pandemic, (2) the § 3553(a) factors weigh in favor of a reduction of his sentence, and (3) his recidivism risk is low. *Id.* at 1-2. Vugler does not allege an intervening change in controlling law. Vugler's motion thus turns on the availability of newly-discovered evidence and whether the Court's original order constituted clear error or manifest injustice.

While Vugler has provided supplemental medical records, these documents pre-date the Court's order. Doc. 115; Doc. 122-1. Because Vugler's motion does not explain why these records were not previously available and "a Rule 59(e) motion [cannot be used] to . . . present evidence that could have been raised prior to the entry of judgment," the Court cannot reconsider its order based on these pre-existing records. *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (affirming denial of motion for reconsideration where movant "failed to allege, much less show, that she could not have submitted the affidavits attached to her motion for reconsideration any earlier"). Even if Vugler could show that these medical records were not previously available, he still has not established an extraordinary and compelling reason for release because the records demonstrate that Vugler's health was being monitored, he was receiving treatment, and his medical conditions were otherwise being managed with medication. Doc. 122-1 at 4–25.

Vugler also provided the Court with a "Male Pattern Risk Scoring" document dated January 22, 2021, indicating that he scored at the "minimum" level for recidivism. *Id.* at 1. But even if Vugler could establish an extraordinary and compelling reason, this document does not change the Court's conclusion that, given the totality of the circumstances, Defendant would be a danger to society if released. As the Court wrote in its original order:

> Defendant was indicted and pleaded guilty to transporting child pornography. Doc. 42. While still on probation for another offense, Defendant possessed over 1,000 images of child pornography, including images of prepubescent boys engaged in sex acts with adult men and other boys. Id. at 15. Consideration of the § 3553(a) factors weighs against a reduction in sentence.

Doc. 115 at 9. While this document was not previously submitted and appears to have been generated after the original order, the Court's analysis remains correct. Vugler still fails to demonstrate an extraordinary and compelling reason for release and even if he were able to establish one, the § 3553(a) factors continue to weigh against a reduction in his sentence. On this record, the Court finds no basis to reconsider its previous order. Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Reconsideration (Doc. 117) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on October 30, 2023.

Charlene Edwards Honeywell
United States District Judge

4

Copies to:
Alexander Vugler, *pro se*
Counsel of Record